In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00033-CR

                                                ______________________________

 

 

                                          DANNY STURTZ,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                        On Appeal from the 71st Judicial District Court

                                                           Harrison County, Texas

                                                         Trial Court
No. 10-0244X

 

                                                     
                                             

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            The
testimony at Danny Sturtz’s jury trial on two counts of aggravated assault with
a deadly weapon told varying versions of an altercation that happened March 21,
2010, in Karnack, involving Sturtz, Peggy Davis, and Joshua Davis, Peggy’s son.[1]  Ultimately, the jury believed one version and
found Sturtz guilty of shooting Peggy with a firearm and threatening Joshua
with a firearm.  The jury also found
Sturtz not guilty of causing bodily injury to Peggy by cutting her with a
machete.

            On appeal,
Sturtz’s attorney has filed a brief which discusses the record and reviews the
proceedings in detail.  Counsel has thus
provided a professional evaluation of the record demonstrating why, in effect,
there are no arguable grounds to be advanced. 
This meets the requirements of the law.  Anders
v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1981); High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief and a letter to Sturtz May 12, 2011, informing Sturtz
of his right to file a pro se response and of his right to review the record.  No response has been filed.  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.  

            We have
determined that this appeal is wholly frivolous.  The jury could have believed any of the
versions of events.  We have
independently reviewed the clerk’s record and the reporter’s record, and find
no genuinely arguable issue.  See Halbert v. Michigan, 545 U.S. 605,
623 (U.S. 2005).  We, therefore, agree
with counsel’s assessment that no arguable issues support an appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

            We
affirm the judgment of the trial court.[2]

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          July
26, 2011   

Date Decided:             August
3, 2011

 

Do Not Publish

 

 

 











[1]The
jury had to choose between diametrically different stories about how Sturtz’s
former girlfriend Peggy—a convicted felon and drug user—was shot and her hand
was injured.  According to her, after Sturtz
and Peggy had exchanged words, after she had broken into his house to sleep, he
chased her down, hit her with a machete, and shot her while she was trying to
get away, also chasing her son away by pointing a pistol at him.  According to Sturtz, he woke up with Peggy
asleep beside him and her sixteen-year-old son asleep in the next room, found a
gun next to Peggy’s son and took it, and both Peggy and Joshua then began
threatening and attacking Sturtz—behavior which he testified she had engaged in
several times in the past.  Joshua and
Peggy both testified, with fairly widely varying descriptions of the events of
the morning.  Sturtz admits shooting her,
but claims self-defense.  Sturtz had a
single prior misdemeanor for possession of marihuana and DWI.





[2]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsel’s request to
withdraw from further representation of appellant in this case.  No substitute counsel will be appointed.  Should appellant wish to seek further review
of this case by the Texas Court of Criminal Appeals, appellant must either retain
an attorney to file a petition for discretionary review or appellant must file
a pro se petition for discretionary review. 
Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court.  See Tex.
R. App. P. 68.2.  Any petition for
discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals along with the rest of the filings
in this case.  Should a petition for
discretionary review be filed after September 1, 2011, it should be filed
directly with the Texas Court of Criminal Appeals.  See
Tex. R. App. P. 68.3.  Any petition for discretionary review should
comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure.  See Tex. R. App. P.
68.4.